**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| RAYMOND CONRAD, | § § | |
| PLAINTIFF, | § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| STEPHANIE R. MOORE and PATRICIA WHEELER, | § § § | 2:15-CV-336-J |
| DEFENDANTS. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR REMAND**

Before the Court is the Plaintiff's motion, filed December 22, 2015, for a remand of this case back to the Seventh Court of Appeals, and the response in opposition filed by the Defendants. For the following reasons, the Court concludes that this case was improvidently removed and that it is without federal jurisdiction over this suit.

A district court must always determine the propriety of removal. 28 U.S.C. § 1447(c)(4). A case must be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal jurisdiction. *Willy vs. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Ordinarily, the conclusion that the suit was improvidently removed, for example, because of the nonexistence of federal jurisdiction, requires a remand. *See McIntyre vs. Fallahay,* 766 F.2d 1078 (7th Cir. 1985); 28 U.S.C. § 1447(c). The propriety of removal depends on whether the suit – as the plaintiff framed or easily could have framed it in the live complaint – would have been within the district court's original jurisdiction at the time of the removal. *Franchise Tax Board vs. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Pullman Co. vs. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939).

The claims asserted in this case, as framed by the Plaintiff, would not have been within a federal district court's jurisdiction at any time from the time the case was filed until its direct appeal to the Seventh Court of Appeals. The underlying lawsuit was a suit for the Defendants' eviction from nonresidential grazing acreage located in Armstrong County, Texas. After two jury trials, Defendants were evicted from Plaintiff Conrad's land. Defendant Moore, perhaps joined by Defendant Wheeler, appealed that adverse decision to the state court of appeals. In that appeal, the Defendants complained, in part, of due process violations of their alleged right to purchase the acreage pursuant to a livestock-grazing lease, with an option-to-purchase agreement, and further complained about alleged procedural violations which occurred during the course of both jury proceedings. The Defendants, represented by counsel of record, filed a notice of removal after the notice of appeal was filed but apparently before the appellate record was complete.

Plaintiff timely moved for remand of this case back to the state appellate court. Defendants' *pro se* response to that remand motion, similar to the federal grounds for removal asserted within the notice of removal filed by their counsel of record, argues that this Court has subject matter jurisdiction because the Fair Housing Act, 42 U.S.C. §§ 3601-3631, and because of violations of the civil rights acts, specifically, 42 U.S.C. § 1983. However, neither of those federal allegations was asserted in this case, as framed by the Plaintiff, in any of the state courts below.

The Fair Housing Act addresses discrimination in residential housing or on vacant land sold for the purpose of constructing residential housing. That Act does not apply in this case because it is undisputed that there was no residence, occupied or unoccupied, on the leased grazing acreage, and none was planned to be built by the parties herein. And, again, those allegations were not asserted in this case as framed below by the Plaintiff. The original complaint filed in this case does not contain any form of any federal claim asserted by the Plaintiff; it was solely a suit for eviction after conclusion and non-renewal of the five-year grazing lease's express lease term.

Finally, this Court does not sit as an appellate court for state-court proceedings, and "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Hous. Auth. vs. Johnson,* 404 F.3d 1245, 1247 (10th Cir. 2005). To the extent that one or both of the Defendants complain about alleged violations of their civil rights by state actors during the course of the legal proceedings brought by Plaintiff Conrad in state court, those are defensive and/or appellate issues to be addressed pursuant to Texas appellate remedies afforded to the parties in the state appellate court, not issues to be first addressed in federal court via removal from the state appellate court.

It has long been federal law that something which happens later in a state-court lawsuit, such as the filing of a appellate brief alleging violations of federal law or even a counterclaim based upon federal law, does not make a state-court suit removable. *See Takeda vs. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985)(collecting cases). When a party seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the Plaintiff's petition at the time the notice of removal is filed. *See Pullman Co. vs. Jenkins,* 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49, 83 L.Ed. 334 (1939). If "federal subject matter jurisdiction is absent at the time of the original" removal notice is filed, "the case must be remanded to state court." *NPSA Service Corp. vs. Independent Am. Sav.,* 868 F.2d 415 (5th Cir. 1989).

For all of these reasons, the Court concludes that this case was improvidently removed and that it is without federal jurisdiction over this suit.

Plaintiff further seeks $2,060.00 in attorneys' fees and costs for having to respond to the Defendants' counsel's improper removal of this case. That amount is fully documented by Plaintiff's counsels' affidavits, which state that amount is for fees and all costs for drafting, reviewing and filing the motion for remand, the brief in support, and the appendix of related state-court documents. The Court finds that the requested hourly rate of $150.00 is a reasonable rate for representation by licensed counsel in this cause, and further finds that the total amount of $2,060.00 is a reasonable

3

and necessary fee, including all costs to date, in this case. Based upon the authorities cited above, this is a case that clearly should not have been removed from the state appellate system to federal court. As originally filed in state court, at all time while pending there, at the time counsel filed the notice of appeal to the state appellate court, and as of the time it was removed here from the state appellate court, this case contained no federal question asserted by the Plaintiff, has no diversity of parties, and has no federal subject-matter jurisdiction making it removable. For these reasons, Plaintiff is awarded $2,060.00 in attorneys' fees and costs for having to respond to the Defendants' counsel's improper removal of this case. That award is to be paid by the attorney of record who filed the notice of removal, Douglas J. Brooks of the Brooks Law Firm of Dallas, Texas, who is still the attorney or record, and is to be paid jointly and severally with his clients, who are now attempting to proceed *pro se* and who filed the *pro se* response to the motion for remand.

This case is hereby remanded to the Seventh Court of Appeals, with $2,060.00 in taxable costs and fees jointly and severally assessed against the Defendants and their counsel of record.

It is SO ORDERED.

Signed this the _____8th_____ day of February, 2016.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

4